IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKORA ABDULHAQQ; MERCY CONNOR, individually and on behalf of all other similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>URBAN OUTFITTERS, a business entity unknown,<br><br>　　　　Defendant. | No. C 13-3184 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Defendant's motion to stay and Plaintiffs' motion to remand are scheduled for a hearing on September 20, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to stay all proceedings in this case pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") on defendant's motion to transfer. In the event the Panel does not transfer this action, the Court will rule on plaintiffs' motion for remand.

**BACKGROUND**

This is a wage and hour class action. Plaintiffs originally filed their complaint in the Superior Court for the County of Alameda against Defendant Urban Outfitters. Plaintiffs alleges that they are employees of defendant, and defendant engaged in a uniform policy and systematic scheme where employees were misclassified as salaried "exempt" managerial employees when, in fact, they were

"non-exempt," non-managerial employees under California law. Compl. ¶¶ 17-25. Plaintiffs alleges that due to this scheme, defendant failed to provide plaintiffs with their proper wages, including overtime wages, rest and meal periods, wage statements, and reimbursements for business-related expenses. *Id.* ¶¶ 26-41. In the complaint, Plaintiffs bring seven causes of action for violations of the California Labor Code and one cause of action for violation of California Business and Professions Code § 17200, et seq. *Id.* ¶¶ 43-99. On July 10, 2013, defendant removed the action to this Court on the basis of jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Docket No. 1, Notice of Removal.

On August 9, 2013, Urban Outfitters filed a motion before the JPML to transfer and coordinate this action with four other actions[1] pursuant to 28 U.S.C. § 1407. Docket No. 27-1, Orr Decl. Ex. A. Presently before this Court are defendant Urban Outfitters' motion to stay the action pending a decision by the JPML on its motion for transfer, and plaintiffs' motion to remand the action to state court.

**DISCUSSION**

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court finds that a stay is in the interest of judicial economy and consistency because if this case is transferred by the JPML, the MDL judge can address the jurisdictional issues in a uniform manner.[2] *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) ("If the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay."); *Couture v. Hoffman-LaRoche, Inc.*, No. 12-cv-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) ("[D]eference to the MDL court for resolution of a motion to remand often provides 'the

---

[1] These four actions are: *Moore v. Urban Outfitters Wholesale, Inc.*, No. 13-cv-2245 (N.D. Cal., filed May 16, 2013); *Berry v. Urban Outfitters Wholesale, Inc.*, No. 13-cv-2628 (N.D. Cal., filed Jun. 7, 2013); *McEarchen v. Urban Outfitters, Inc.*, No. 13-cv-3569 (E.D.N.Y., filed Jun. 24, 2013); *Ramirez v. Urban Outfitters, Inc.*, No. 13-cv-1074 (M.D. Fla., filed July 17, 2013).

[2] A similar motion to remand is also pending in the *Moore* action. *See Moore*, No. 13-cv-2245, Docket No. 6.

2

opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'") (citation omitted); *see also Jones v. Bristol-Myers Squibb Co.*, No. 13-cv-2415, 2013 U.S. Dist. LEXIS 94933, at *7 (N.D. Cal. July 8, 2013) ("Courts in this district . . . have granted motions to stay in order to preserve judicial resources, even where jurisdictional questions and motions to remand are at issue."). The Court also finds that a stay will not prejudice plaintiffs because the stay will only cause a slight delay in this action, which is still in the very early procedural stages. *See Fuller v. AmeriGas Propane, Inc.*, No. 09-cv-2616, 2009 U.S. Dist. LEXIS 71413, at *4-5 (N.D. Cal. Aug. 3, 2009) ("The Court observes no meaningful prejudice that a stay would cause to Plaintiff. Considering that both cases for which MDL treatment is sought are in very early procedural stages and that the MDL Panel is expected to hear this matter within a few months, any delay caused by this stay will be of very short duration, and unlikely to cause the degradation of memories or the loss of material evidence.").

Accordingly, for the foregoing reasons, the Court GRANTS defendant's motion to stay this action, Docket No. 26, and DEFERS ruling on plaintiffs' motion for remand. Docket No. 11.

**IT IS SO ORDERED.**

Dated: September 17, 2013

SUSAN ILLSTON
United States District Judge

3