IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKORA ABDULHAQQ, et al., | No. C 13-03184 JSW |
| Plaintiffs, | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| URBAN OUTFITTERS WHOLESALE, INC., D/B/A ANTHROPOLOGIE, a Pennsylvania corporation, et al., | |
| Defendants. | |

This matter comes before the Court upon consideration of the motion to remand filed by Plaintiff Shakora Abdulhaqq ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS Plaintiff's motion to remand.

**BACKGROUND**

On May 21, 2013, Plaintiff, individually and on behalf of other members of the public similarly situated, filed a complaint against Defendant Urban Outfitters Wholesale, Inc. d/b/a Anthropologie ("Urban Outfitters") in the Superior Court of California, for the County of Alameda. Plaintiff and the members of the putative class he seeks to represent are current and/or fomer hourly managers who work at Anthropologie stores. The complaint alleges seven causes of action for violations of California Labor Codes for unpaid overtime, unpaid minimum wages, unpaid meal rest premiums, unpaid rest period premiums, wages not timely paid upon termination, non-complaint wage statements, and for violation of California Business and

Professions Code Section 17200, *et seq.*

On July 10, 2013, Urban Outfitters filed a notice of removal pursuant to 28 U.S.C. Sections 1332. (Notice of Removal ¶¶ 8-10.) Urban Outfitters contends that the Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), which grants federal district courts original jurisdiction over certain class action suits. (*Id.*)

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.   Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

The Class Action Fairness Act ("CAFA") provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the

district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5).

**B.     Motion to Remand.**

    **1.     Minimal Diversity.**

For purposes of removal under CAFA, the parties do not dispute that the class comprises at least 100 persons. Plaintiff contends, however, that Urban Outfitters did not prove there is diversity of citizenship and, as the removing party, it carries that burden. *See Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, in the declaration filed in support of its opposition papers, Urban Outfitters demonstrates that according to its January 2013 Securities and Exchange Commissions Form 10-K, the state of incorporation and location of the company's principal executive offices is the State of Pennsylvania. Accordingly, Urban Outfitters has carried its burden to demonstrate minimal diversity.

    **2.     Amount in Controversy.**

Plaintiff does not allege a specific amount in controversy in his complaint but, without any evidence of bad faith, does plead that the amount is less than $5,000,000, exclusive of interest and costs. (*See* Compl. at ¶¶ 1, 5.) The Court finds that Urban Outfitters bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (holding that the preponderance of the evidence standard applies in situations in which the plaintiff does not seek a specific amount in damages); *Guglielmino v. McKee Foods, Inc.,* 506 F.3d 696, 699 (9th Cir. 2007); *see also Trahan v. U.S. Bank National Ass'n*, 2014 WL 116606, at *4-5 (N.D. Cal. Jan. 13, 2014) (White, J.) (holding that the preponderance of the evidence standard applies post-*Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348-49 (2013), and *Rodriguez v. AT&T Mobility Services, LLC*, 728 F.3d 975 (9th Cir. 2013)).

Here, to demonstrate the amount in controversy, Urban Outfitters estimates the amount in controversy to be over the jurisdictional prerequisite by estimating Plaintiff's unpaid overtime and minimum wage claims to total over two million dollars. Urban Outfitters estimates that Plaintiff seeks an estimated five hours of overtime per workweek at an estimated

3

1 overtime rate of $26.78 (150% of the average regular hourly rate) for an estimated workforce, at
2 any given time, of 100 during the applicable four-year period. (Notice of Removal ¶ 33.)
3 Urban Outfitters then estimates Plaintiff's claim for failure to pay meal period premiums based
4 on its estimate that 11,237 paychecks having been issued to putative class members, an average
5 wage of $17.85, and two missed meal periods per pay period. (*Id.* at ¶ 34.) Urban Outfitters
6 also estimates the rest period premiums, the minimum wages claims, waiting time penalties
7 claim, wage statement claim, business expenses claim, and attorneys' fees

8     However, such an estimation, which assumes time worked, estimates missed overtime
9 per week without reference to actual workweeks worked, and estimates number of employees
10 working at any one time, is unsupported by underlying facts, is speculative, and falls short of
11 meeting the preponderance of the evidence burden. *See Abrego Abrego v. The Dow Chemical
12 Co.*, 443 F.3d 676, 689 (9th Cir. 2006); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1128-
13 1130 (C.D. Cal. 2010). Given that Urban Outfitters are in the possession of the relevant payroll
14 records, it would have been possible for the company to provide a more accurate estimated
15 accounting and not rely upon extrapolation and speculation. *See, e.g., Vigil v. HMS Host USA,
16 Inc.*, 2012 WL 3283400, at *5 (N.D. Cal. Aug. 10, 2012). Plaintiff does not allege that every
17 putative class members was entitled to overtime, does not allege the frequency in which the
18 overtime violations occurred, and does not assert the frequency rates for his meal and rest break
19 violations. Urban Outfitters' calculations require the Court to make assumptions that lack
20 evidentiary support. *See Roth*, 799 F. Supp. 2d at 1126 (holding that under the preponderance
21 of the evidence standard, courts require that "defendants adduce[] evidence that would permit
22 the court to draw an inference that . . . violations occurred with the frequency defendants
23 presume.").

24     For these reasons, the Court finds that Urban Outfitters has not met its burden to
25 demonstrate that the amount in controversy exceeds $5,000,000 by a preponderance of the
26 evidence. Thus, the Court remands this action to state court.

4

**CONCLUSION**

For the reasons stated herein, the Court GRANTS Plaintiff's motion to remand this action to the County of San Francisco Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 28, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5

Case 4:13-cv-03184-JSW   Document 66   Filed 05/28/14   Page 6 of 6